UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
NEW ALBANY DIVISION

WILLIAM HENRY EASLEY,   )
           )
      Plaintiff,  )
           )
    vs.     )  No. 4:17-cv-00188-SEB-DML
           )
SNELLING,      )
GILTNER,      )
LIMBACH,      )
NUTTER,      )
BEARD,       )
           )
     Defendants.  )

## Entry Screening Complaint and Directing Further Proceedings

Plaintiff William Easley is an inmate at the Clark County Jail. He brings this action pursuant to 42 U.S.C. § 1983 alleging that the defendants, who are officers at the Jail, have violated his civil rights.

## I. Screening Standard

Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this Court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the Court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Pro se complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers. *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint[1]

Easley alleges that, on July 21, 2017, Giltner "ran up in [his] face in an aggressive and threatening manner" and called him a "faggot bitch." He also asserts that on August 6, 2017, Giltner and Limbach required to him eat breakfast on the dirty dayroom floor. He further states that Giltner and Limbach did not allow him to go to the bathroom. He says that inmates were denied phone privileges that day and for a whole week they were stripped of their broom and dustpan and other cleaning supplies. These lockdown actions were at the instructions of Captain Nutter and Mr. Beard. Finally, he says that Giltner told another inmate he was sending him to the "hole" for writing a grievance.

## III. Discussion of Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

Any claim that Giltner called Easley names must be **dismissed**. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("The use of racially derogatory language, while unprofessional and deplorable, does not violate the Constitution.") (citing *Patton v. Przybylski*, 822 F.2d 697, 700 (7th Cir. 1987).

---

[1] In addition to the facts discussed, Easley also alleges that a number of other inmates at the Jail were assaulted, but Easley cannot bring claims on behalf of the other inmates. *See* 28 U.S.C. § 1654 (providing that a party may proceed in federal court "personally or by counsel").

The allegations that at the instruction of Captain Nutter and Mr. Beard, Giltner and Limbach required to him eat breakfast on the dirty dayroom floor, did not allow him to go to the bathroom, and stripped inmates of their broom and dustpan and other cleaning supplies **shall proceed** as a claim that these defendants subjected Easley to unconstitutionally harsh living conditions. It is unclear whether Easley was a convicted inmate or a pre-trial detainee at the time of these incidents. If he was a pre-trial detainee, these claims **shall proceed** under the Fourteenth Amendment. If he was a convicted inmate, the claims **shall proceed** under the Eighth Amendment.

The claim that Giltner stated that he was sending Easley to the "hole" for filing grievances **shall proceed** as a claim that Giltner retaliated against Easley in violation of the First Amendment.

Any claim against defendant Snelling is **dismissed** because Easley does not allege that Snelling personally participated in any of the alleged violations of his rights. *Matz v. Klotka*, 769 F.3d 517, 528 (7th Cir. 2014) ("A damages suit under § 1983 requires that a defendant be personally involved in the alleged constitutional deprivation."). The **clerk shall** terminate Snelling as a defendant.

This summary of remaining claims includes all of the viable claims identified by the Court. All other claims have been dismissed. If the plaintiff believes that additional claims were alleged in the complaint, but not identified by the Court he shall have **through January 16, 2018,** in which to identify those claims.

## IV. Duty to Update Address

The pro se plaintiff shall report any change of address within ten (10) days of any change. The Court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to

keep the Court informed of his or her current address, the action may be subject to dismissal for failure to comply with Court orders and failure to prosecute.

## V. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to the defendants in the manner specified by Rule 4(d). Process shall consist of the complaint filed on, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

**IT IS SO ORDERED.**

Date:   12/13/2017

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

William Henry Easley
17228
Clark County Jail
501 East Court Avenue
Jeffersonville, IN 47130

Giltner
Clark County Jail
501 East Court Avenue
Jeffersonville, IN 47130

Limbach
Clark County Jail
501 East Court Avenue
Jeffersonville, IN 47130

Nutter
Clark County Jail
501 East Court Avenue
Jeffersonville, IN 47130

Beard
Clark County Jail
501 East Court Avenue
Jeffersonville, IN 47130